UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENESAW LEASING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-220 |
| ) | (Shirley) |
| THOMAS M. DEATON and ) | |
| JACQUELINE DEATON, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9].

The defendants Thomas M. Deaton and Jackqueline Deaton were previously ordered to show cause why the plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment [Doc. 4] should not be granted and judgment entered in favor of the plaintiff. The Court mailed a copy of that Order to the defendants at the address noted in the file, and a return receipt by the Postal Service indicated that the defendant Thomas M. Deaton signed for the same on October 6, 2006 [Doc. 11]. A show cause hearing was held by the undersigned on October 25, 2006 at 9:30 a.m. The defendants failed to appear at this hearing and have failed to respond to the plaintiff's motion.

The plaintiff Kenesaw Leasing, Inc. ("Kenesaw") filed this action on June 13, 2006, against the defendants Thomas M. Deaton and Jacqueline Deaton, alleging that the plaintiff had

entered into a lease agreement with Volunteer Trackworks, LLC ("Volunteer"); that the defendants had signed as personal guarantors of the lease obligation; that the lease was now in default and demand had been made for payment; and that as of June 7, 2006, the sum of $113,969.89 was due and owing on the lease, as it was in default and payment had been accelerated. [Doc. 1]. Attached to the complaint is a copy of the lease, the defendants' signed guaranty, and the affidavit of Craig Phillipy, Vice-President of Kenesaw. [Doc. 1 Ex. 1].

On July 14, 2006, the defendant filed an answer [Doc.6], stating that they were without knowledge to either admit or deny the allegations in each paragraph except for paragraph number three of the plaintiff's complaint. This paragraph was not further addressed in the answer and is thus deemed admitted.

The plaintiff filed a Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment [Doc. 4], along with a brief in support, on July 18, 2006. In the motion, the plaintiff moves for the entry of a judgment in the amount of $113,969.89 owed on the lease, plus the plaintiff's attorney's fees, costs, and interest it is entitled to pursuant to the lease. In support of its motion, the plaintiff relies upon the affidavit of Craig Phillipy, which affidavit was attached to the complaint. Phillipy states in his affidavit that according to the books and records of Kenesaw and his own personal knowledge, the sum owing pursuant to the lease is $113,969.89 plus interest, attorney's fees, and expenses.

In a supplemental motion [Doc. 13], the plaintiff moves for an award of attorney's fees and expenses in the total amount of $3,024.75 ($2,541.25 in attorney's fees and $483.50 for expenses). All motions filed by the plaintiff indicate service on the defendants. The defendants have not filed any opposition to the plaintiff's claim for attorney's fees and expenses.

2

The Court has reviewed the plaintiff's motions and find them to be well-taken. The plaintiff has set forth evidence to establish that Thomas and Jacqueline Deaton are in default in accordance with the terms of the agreement and, because they are personal guarantors, they are faced with the remedies provided in the lease agreement. The Court further notes that the defendants have failed to set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In the absence of a response showing such a genuine issue for trial, the Court finds that the plaintiff Kenesaw Leasing, Inc. is entitled to summary judgment against the defendants Thomas M. Deaton and Jacqueline Deaton.

For the reasons set forth above, the plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment [Doc. 4] and the Motion for Attorney Fees and Expenses [Doc. 13] are **GRANTED**. The plaintiff is hereby awarded a judgment in the amount of One Hundred Thirteen Thousand Nine Hundred and Sixty-Nine Dollars and Eighty-Nine Cents ($113,969.89), plus the additional amount of Three Thousand and Twenty-Four Dollars and Seventy-Five Cents ($3,024.75) in attorney's fees and expenses for a total judgment in the amount of One Hundred Sixteen Thousand Nine Hundred and Ninety-Four Dollars and Sixty-Four Cents ($116,994.64), with postjudgment interest thereon as provided by 28 U.S.C. § 1961.

**JUDGMENT TO FOLLOW.**

**ENTER:**

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge